UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VANDOR GROUP, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00013-MPB-MG ) |
| BATESVILLE CASKET COMPANY, LLC., and BATESVILLE SERVICES, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants' Motion for Leave to Amend Their Responsive Pleading to Add a Defense and Counterclaim of Inequitable Conduct. [Filing No. 81.] For the following reasons, the Court **GRANTS** Defendants' motion [81].

### I.
### BACKGROUND

Plaintiff filed the instant patent infringement action, on January 3, 2023, alleging Defendants infringed Plaintiff's Patent of "B-Inserts" for caskets. [Filing No. 3.] Plaintiff properly filed an Amended Complaint, [Filing No. 11],[1] to which Defendants filed an Answer and Counterclaim, [Filing No. 34]. In its Answer, Defendants asserted nine affirmative defenses and reserved the right to plead additional defenses, unearthed through discovery, if necessary. [Filing No. 34 at 13.]

In June 2023, the parties filed a proposed Case Management Plan ("CMP"), which the Court approved. [Filing No. 38; Filing No. 41.] The CMP ordered the parties to file all motions for

---

[1] Plaintiff filed its Amended Complaint before Defendants were served. *See* Fed. R. Civ. P. 15(a)(1).

leave to amend the pleadings on or before August 30, 2023. [Filing No. 41 at 4.] Discovery was to be completed by March 30, 2024. [Filing No. 41 at 4.] After the parties requested extensions for discovery, the Court moved the deadline for lability discovery to May 31, 2024. [Filing No. 74.]

On June 14, 2024, Defendants moved the Court for leave to amend their Answer to add a defense and counterclaim of patent unenforceability because of inequitable conduct. [*See* Filing No. 81 at 1.] The motion is fully briefed.

## II.
### LEGAL STANDARDS

A.  **MOTION FOR LEAVE TO AMEND**

When a motion for leave to amend is filed after the relevant case management deadline, the Court is to use a "two-step process" to analyze the request. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). First, the movant must demonstrate good cause to justify modifying the scheduling order. *Id.*; Fed. R. Civ. P. 16(b)(4). Then, the Court may engage in the typical analysis, pursuant to Rule 15, for a motion for leave to amend. *Alioto*, 651 F.3d at 719.

Under Federal Rule of Civil Procedure 15, a party is afforded the opportunity to amend its pleading with the opposing party's written consent or the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may "deny leave to amend whe[n] there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or when the amendment would be futile." *Mulvania v. Sherriff of Rock Island Cty*., 850 F.3d 849, 855 (7th Cir. 2017) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

### B.  INEQUITABLE CONDUCT CLAIM

To add an affirmative defense and counterclaim of inequitable claim, a defendant must also satisfy Federal Rule of Civil Procedure 9(b)'s pleading requirement. In doing so, the defendant must identify the "specific who, what, when, where, and how, of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Rule 9(b) also requires that a party argue malice, intent, knowledge, or another "condition of mind." For inequitable conduct, these "relevant conditions of mind" include: "(1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the PTO." *Id.* (citing *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996)).

## III.
### DISCUSSION

### A.  GOOD CAUSE

Defendants argue that they have satisfied the good cause standard required by Federal Rule of Civil Procedure 16(b)(4). They argue that they waited until now to file a motion to amend because they needed discovery to satisfy the particularity requirements for an inequitable conduct claim. [Filing No. 82 at 17.] Plaintiff contends that Defendants did not diligently pursue their inequitable conduct claim, because they did not seek discovery on this issue until more than six months into the discovery period. [Filing No. 83 at 11.]

In determining whether a movant has shown good cause, "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "[I]t is reasonable to conclude that a [party] is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the

deadline." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022). Courts consider how much time has passed since the deadline to amend pleadings, whether the party provided an explanation for the deadline, what other deadlines remain, and whether there are any pending dispositive motions in the case to determine whether a party has acted diligently. *See, e.g.*, *Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC*, No. 07 CV 0623, 2009 WL 10695639, at *2 (N.D. Ill. Dec. 22, 2009) (finding no good cause when party did not provide explanation for delay); *Lincoln Nat. Life v. Jackson Nat. Life Ins. Co.*, No. 1:07-CV-265, 2010 WL 1781013, at *4 (N.D. Ind. May 3, 2010) (finding good cause despite nine month delay); *Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022) (affirming finding of no good cause after motion made after delay of 32 months from deadline to amend pleadings, one year from fact discovery deadline, and several months after parties replied to summary judgment motions).

Additionally, the Court must consider the fact that "[a]llegations of inequitable conduct are often based on information uniquely within the possession of the patentee, and often cannot be brought until after significant discovery has been completed. *Formax Inc. v. Alkar-Rapidpak-MP Equip. Inc.*, No. 11-C-0298, 2013 WL 2368824, at *6 (E.D. Wisc. May 29, 2013).

In this case, the Court set a deadline for motions for leave to amend pleadings of August 30, 2023, and a deadline for discovery of May 31, 2024. [Filing No. 41.] Defendants filed their motion for leave to amend on June 14, 2024. [Filing No. 81.] Therefore, Defendants filed their motion approximately nine (9) months after the deadline for motions for leave to amend pleadings, and two weeks after the discovery deadline. Additionally, although both parties have now filed motions for summary judgment, Defendants filed their motion for leave before the filing of either of these motions. Furthermore, Defendants' motion comes nine months before trial, set for March 2025.

Despite the nine-month delay, the question for the Court is whether Defendants have shown good cause for the modification of the scheduling order. Defendants argue that they diligently pursued discovery so they could plead their inequitable conduct claim with particularity as required by Rule 9(b). Defendants also argue that they relied on the expectation that a party "postpone raising allegations of inequitable conduct until sufficient discovery has been conducted to enable the challenger confirm its suspicions and gather the evidence necessary to sustain its claim." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. 19-622 (WCB) 2020 WL 4794576, at *3 (D. Del. Aug. 18, 2020). Accordingly, courts have found that "[b]ecause it is often the case that the critical evidence necessary to prove inequitable conduct can be obtained only from the patentee, it is common for claims of inequitable conduct to arise only after discovery has been conducted." *Id.*

Plaintiff argues that Defendants failed to diligently pursue the inequitable conduct claim because they did not serve discovery requests regarding the claim until January 16, 2024. [*See* Filing No. 83 at 11.] Plaintiff then claims that this lack of diligence meant that Plaintiff could not conduct discovery on this claim. However, Plaintiff indicates that it "produced evidence that the abandonment of the 637 Application was unintentional" on December 22, 2023. [Filing No. 83 at 11.] Therefore, not only did Plaintiff have an opportunity to pursue discovery on this claim, but this production explains why Defendants waited until later in the discovery process to begin pursuing discovery on this claim.

Accordingly, the Court finds that Defendants have shown good cause to justify amending their pleading.

**B.    FUTILITY**[2]

---

[2] Plaintiff does not explicitly argue that Defendants requested amendment demonstrate "undue delay, undue prejudice, or bad faith." *See Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d

1. **STANDARD**

Because Defendants have shown good cause for their amendment, the Court must determine if the amendment satisfies Federal Rule of Civil Procedure 15(a)(2). Plaintiff argues that Defendants' amendment is "futile because it does not plead a plausible set of facts from which an intent to deceive may be reasonably inferred." [Filing No. 83 at 13.] Defendants contend that their proposed amendment is not futile. [Filing No. 87 at 11.]

Generally, the standard for analyzing futility of an amendment is whether the amendment would survive a motion to dismiss pursuant to Rule 12(b)(6). *See Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004). *See Cage v. Harper*, 42 F.4th 734, 742 (7th Cir. 2022) (denying motion to amend as futile filed after summary judgment briefing had concluded); *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (denying motion to amend as futile because filed the same day as response to summary judgment motion). Because this motion was filed before either motion for summary judgment, the Court finds that the appropriate standard is that the amendment could not withstand a motion to dismiss.

2. **ANALYSIS**

Defendants' amendment is not futile if Defendants have plausibly plead the inequitable conduct claim. Because inequitable conduct is subject to a heightened pleading requirement, Defendants must plead the "who, what, when, where, and how" to sufficiently plead the claim. An inequitable conduct claim requires Defendants to prove, by clear and convincing evidence, that

---

343, 347 (7th Cir. 2015). To the extent Plaintiff argues undue delay or undue prejudice, the Court's analysis of Plaintiff's arguments in the "good cause" section addresses these arguments.

Plaintiff made a knowingly, false, material misrepresentation to the USPTO. *Exergen Corp. v. Wal-Mart Stores*, Inc., 575 F.3d 1312, 1328–29 (Fed. Cir. 2009).

A party satisfies the "who" requirement by naming the "specific individual associated with the filing or prosecution of the application . . . who knew of the material information and deliberately withheld or misrepresented it." *Id.* at 1329. The "what" and "where" requirements are satisfied when the pleading identifies the "claims, and which limitation in those claims, the withheld reference are relevant to, and where in those references the material information is found." *Id.* The "how" requirement is met when a party alleges "how an examiner would used [the] information in assessing the patentability of the claims." *Id.* at 1330.

Defendants allege Plaintiff's patent prosecution counsel (Mr. Moore), Plaintiff's CEO (Mr. Elder), and Plaintiff's president (Mr. Davis) knew that the '637 Application had been deemed abandoned in 2009, purposely did not take action to revive. [*See* Filing No. 82-1 at 34.] Plaintiff argues that Defendants failed to satisfy the "how" requirement by asking the Court to make an inference that Mr. Davis, Mr. Moore, and Mr. Elder intentionally decided not to revive the '637 Application after discovering its abandonment. [Filing No. 83 at 13.] These arguments are not new to the Court regarding this set of facts. As the Court determined in *Vandor Corp. v. Matthews International Corp.*:

> If a prosecution was abandoned for two years despite all of the usual alerts and notifications in place to prevent unintentional abandonment, then suddenly revived for no apparent reason, it is reasonable to conclude the abandonment may have been intentional. While intentional abandonment is not necessarily more probable than unintentional abandonment, the standard at this phase is "reasonable basis," not "more probable than not."

No. 1:15-cv-00838, 2019 WL 251260, at *5 (S.D. Ind. Jan 17, 2019). Accordingly, the Court determines that it is reasonable to infer that Plaintiff intentionally abandoned the patent. Therefore,

the Court finds that Defendants have satisfied the heightened standard for pleading an inequitable conduct claim, and Defendants' amendment is not futile.

## IV.
## CONCLUSION

Having determined that Defendants filed an amendment to their Answer for good cause and that the amendment satisfies Federal Rule of Civil Procedure 15(a)(2), the Court **GRANTS** Defendants' Motion for Leave to Amend, [81]. Within seven (7) days of this Order, Defendants are directed to file a First Amended Answer and Counterclaims.

Date: 10/23/2024

                                        Mario Garcia
                                        United States Magistrate Judge
                                        Southern District of Indiana

**Distribution via ECF to all Counsel of Record.**