UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VANDOR GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00013-MPB-MG |
| ) | |
| BATESVILLE CASKET COMPANY, LLC., ) | |
| BATESVILLE SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| BATESVILLE SERVICES, LLC, ) | |
| BATESVILLE CASKET COMPANY, LLC., ) | |
| BATESVILLE CASKET COMPANY, LLC., ) | |
| BATESVILLE SERVICES, LLC, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| VANDOR GROUP, INC., ) | |
| VANDOR GROUP, INC., ) | |
| ) | |
| Counter Defendants. ) | |

**ORDER GRANTING MOTION FOR ADDITIONAL LIMITED DISCOVERY AND IMPOSING BRIEFING SCHEDULE**

Pending before the Court is Defendants'/Counter Claimants' Motion for Additional Limited Discovery Related to Defendants' Motion for Attorneys' Fees Under 35 U.S.C. § 285 and a Scheduling Order Governing the § 285 Proceedings. [Filing No. 135.] Plaintiff/ Counter Defendant opposes both efforts. [Filing No. 137.]

**I. BACKGROUND**

Batesville seeks targeted discovery about Vandor's alleged inequitable conduct to present as evidence at an attorney fee hearing. Batesville was granted leave to add an inequitable conduct

1

claim last fall, [Filing No. 120], but shortly after leave was granted, Batesville was awarded summary judgment on all other counts and its inequitable conduct claim dismissed as moot, [Filing No. 131 (denying Batesville's Motion for Reconsideration of Summary Judgment and clarifying that Batesville's Fifth Counterclaim—that the Patents-in-Suit are unenforceable due to inequitable conduct—is dismissed as moot)].[1] However, in its Order, the Court established that "[w]hile Batesville's counterclaim for inequitable conduct is moot, Batesville may still file an attorneys' fees motion under § 285 and, in support of that motion, prove inequitable conduct at a hearing." [Filing No. 131 at 7-8].

In lieu of the opening attorney fee brief, Batesville submitted a motion for limited discovery as to attorney fees and for a scheduling order to govern the § 285 briefing. [Filing No. 135]. Batesville asks that the Court impose a new briefing schedule that allows for Batesville's limited discovery, and it has submitted proposed discovery requests along with its motion. [Filing No. 135-1.] If the Court grants its motion, Batesville proposes a 31-day timeline for completing the discovery, allowing: three days for Batesville to serve its subpoenas on the Maginot firm and Mr. Moore, 14 days for the Maginot firm to produce documents in response to the document subpoena, and another 14 days to complete Mr. Moore's deposition. [Filing No. 135 at 5]. Then, the § 285 fee briefing would begin.

Batesville's proposed discovery consists of: (1) a document subpoena to Maginot, Moore & Beck (seeking all documents relating to the prosecution of the '637 Application before the USPTO) including all documents relating to the abandonment of the '637 Application, the Notice of Abandonment, and the Petition to Revive) and (2) proposed deposition of Mr. Moore, limited

---

[1] The undersigned granted leave to amend on October 23, 2024. The summary judgment order was issued on November 20, 2024. [Filing No. 127].

2

to "Mr. Moore's prosecution of the parent application before the USPTO on Vandor's behalf." [Filing No. 135 at 6].

## II.   LEGAL STANDARD

The Court's Order on the Case Management Plan says any party seeking discovery after discovery has closed must show good cause, which "primarily considers the diligence of the party" seeking additional discovery. [Cite]. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). To establish good cause, the movant must show that, despite its diligence, the Court's deadline could not have been met. *Stepp v. Rexnord Industries, Inc.*, No. 1:13-cv-00683-TWP-MJD (S.D. Ind. Oct 02, 2014), citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

## III.   DILIGENCE

The parties use different benchmarks for diligence. To Vandor, Batesville's lack of diligence is obvious: Batesville failed to submit its discovery requests before the May 31, 2024 deadline for liability discovery and the November 11, 2024 deadline for all remaining discovery. Vandor points out that Batesville had several weeks to serve its discovery between the Court allowing for its inequitable conduct amendment on October 24, 2024, and the remaining discovery deadline.

Batesville did not serve the Attorney Conduct discovery before the May 31 liability discovery deadline. And Batesville had from October 24, 2024, (when the Court granted leave to amend) to November 11, 2024, to serve the Attorney Conduct discovery on the Maginot Firm and Mr. Moore before the close of final discovery, but Batesville did not. These are undisputed facts. Batesville contextualizes these facts by explaining its reasoning for waiting until December 17, 2024, to serve discovery on Vandor's attorneys.

Batesville says it diligently pursued discovery on the inequitable conduct claim prior to the close of liability discovery, but it prudently deferred serving discovery requests on Vandor's *attorneys* [the "Attorney Discovery"] until the leave to amend was granted. Batesville says it told Vandor that, if the Court allowed it to add the inequitable conduct claim, it intended to call Mr. Moore as a witness. And Batesville says opposing counsel had a verbal meet and confer on October 31, 2024, where it told Vandor's counsel it intended to ask the Court to re-open discovery for the "limited purpose of allowing Batesville to serve a document subpoena on the Maginot firm and a deposition subpoena on Mr. Moore." Batesville also points out Vandor filled an objection to the Court's Order on Motion to Amend before the November 11 discovery deadline. [*See* Filing No. 122.] Presumably, Batesville is arguing that because of Vandor's objection, Batesville's motion to amend wasn't truly settled by the discovery deadline.

The standard is not whether the party moving for additional discovery met the discovery deadlines—if it was, no motion to re-open discovery would be needed or granted. Batesville did not meet the discovery deadlines, but the Court believes there was good cause to wait until the inequitable conduct claim was allowed to move forward before seeking to depose Mr. Moore (and issuing the written discovery to Maginot firm). And there was good cause to wait until the dust settled on Batesville's motion for the Court to amend its summary judgment order to allow for litigation of the inequitable conduct claim, which motion was filed before the November 11 discovery deadline and denied on December 3, 2024. [Filing No. 131]. *The next day*, December 4, 2024, Batesville filed its Motion for Fees, [Filing No. 132], and told the Court that it hoped to reach an agreement with Vandor on this additional discovery and a briefing schedule. So, although Batesville did not meet the discovery deadlines, it acted with sufficient diligence in pursuing the

Attorney Conduct discovery considering the unusual nature of the amended pleading timeline and the final judgment ruling.

Thus, the Court finds Batesville acted with reasonable diligence given the unique circumstances of the fall briefing and Court's orders in this matter.

## IV.   BATESVILLE'S NEED FOR DISCOVERY

Vandor argues Batesville doesn't need the additional discovery because Vandor has already produced swaths of discovery showing it didn't intentionally abandon the parent patent and Batesville just wants more discovery because it doesn't like the answers it has already received—none of which would be sufficient evidence of inequitable conduct at the fee hearing. [Filing No. 137 at 4-5.]

Batesville argues that accepting Vandor's argument that further discovery would be futile or duplicative amounts to accepting Vandor's word that there was no intentional abandonment. Batesville argues that prior discovery has not shed light on "written records that would explain how a gap of two full years in its prosecution of the application could have been 'unintentional,' despite all of the 'usual alerts and notifications in place' to prevent just such an occurrence." [Filing No. 140 at 6.]

The Court agrees that because Batesville is allowed to present conduct underlying its inequitable conduct claim at a fee hearing, there is a legitimate need for the Attorney Conduct discovery. The discovery may not lead to the evidence Batesville hopes it will, but that is a risk with all discovery and does not equate to Batesville not "needing" the discovery.

## V.   UNDUE PREJUDICE TO VANDOR

Vandor argues Batesville's submitted briefing schedule is prejudicial to Vandor, in part because the filing of the Motion for Additional Discovery paused the § 285 briefing schedule,

which ordinarily would have launched 14 days after final judgment, and because it allows Batesville to reopen the case to conduct discovery it already should have conducted. Vandor says it will only have 14 days to respond to a brief Batesville now has months to prepare. The Court will allow the briefing schedule (adopted in Section VI below) but has modified the deadlines so that Vandor has 30 days to respond to Batesville's opening brief. Batesville has the usual 7 day reply period, and the Court does not anticipate a need to extend Batesville's reply deadline.

Vandor informed the Court that a docketing error prevented it from viewing the proposed discovery attached to Batesville's motion. [Filing No. 142.] The proposed document subpoena contains a request for documents about the Maginot firm's prosecution of the parent patent application, which is at the heart of the conduct alleged in the § 285 proceedings. Because the proposed additional discovery was properly attached to Batesville's motion, there is no undue prejudice through surprise. And Batesville represents it told Vandor's counsel in October that Batesville intended to seek for leave to reopen discovery for the inequitable conduct claim. Vandor does not dispute this.

Vandor argues Batesville's attempt to depose Mr. Moore is intrusive and that the document requests target privileged information. First, the Court agrees with Batesville that Mr. Moore's position as trial counsel and a fact witness is a strategy choice, not a roadblock to granting this additional discovery. Vandor also argues allowing discovery is prejudicial because the discovery targets privileged information. Second, Batesville explains why the information it seeks is unlikely to be privileged. [Filing No. 140 at 3-4.] However, given the alleged inequitable conduct claim concerns the knowledge and actions of Vandor's attorneys, some responsive documents may be privileged. But possible privilege does not amount to prejudice or undue burden, because the rules of privilege, properly wielded, will protect Vandor from improper disclosure. There is no undue

burden here. Moreover, Vandor says it has already produced much, if not all, of the documents the subpoena targets. It does not represent that any additional production would be uniquely burdensome to undertake.

## VI. BRIEFING SCHEDULE

The Court imposes the following schedule for discovery and the § 285 briefing:

| Event | Due Date |
|---|---|
| Batesville to serve the document subpoena on the Maginot firm and the deposition subpoena on Mr. Moore | Within 3 days of this Order |
| The Maginot firm to produce documents responsive to the document subpoena | Within 17 days of this Order |
| Mr. Moore to sit for a LIMITED deposition pursuant to the deposition subpoena | Within 31 days of this Order |
| Batesville to file its opening brief in support of its motion for attorneys' fees | Within 45 days of this Order |
| Vandor to file its opposition brief | Within 75 days of this Order |
| Batesville to file its reply brief | Within 82 days of this Order |

Mr. Moore's deposition shall be strictly limited to his prosecution of the parent application before the USPTO on Vandor's behalf. **Mr. Moore may sit for the deposition remotely. The deposition may not take more than 4 hours.** Counsel should alert the Court to the date and time of the deposition. If schedule allows, the undersigned will make himself available via phone for issues that arise.

## VII. CONCLUSION

The Court understands that Vandor is loath to submit to the proposed discovery. However, the Court has evaluated Batesville's due diligence within the lens of the unique and messy timeline of this case, and after weighing that due diligence against the need for discovery and prejudice to Vandor, finds the additional discovery warranted.

7

Batesville's Motion for Additional Discovery, [134], is **GRANTED**. It may serve the proposed discovery requests submitted at 135-1 in accordance with the schedule above. Batesville should understand the Court will disfavor any discovery battles that would further extend the lifetime of the § 285 briefing.

Date: 3/6/2025

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution via ECF to counsel of record.